IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 13-00291-18-CR-W-BCW |
| | ) | |
| AJ's CANDY & TOBACCO, LLC | ) | |
| | ) | |
| Defendant. | ) | |

PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the parties described below have entered into the following plea agreement:

1. **The Parties.** The parties to this agreement are the United States Attorney's Office for the Western District of Missouri (otherwise referred to as "the Government" or "the United States"), represented by Tammy Dickinson, United States Attorney, and Paul S. Becker and Justin G. Davids, Assistant United States Attorneys, and the defendant, AJ's Candy & Tobacco, LLC ("AJ's"), represented by Todd P. Graves and Kathleen A. Fisher.

The defendant understands and agrees that this plea agreement is only between it and the United States Attorney for the Western District of Missouri, and that it does not bind any other federal, state, or local prosecution authority or any other government agency, unless otherwise specified in this agreement.

2. **Defendant's Guilty Plea.** The defendant agrees to plead guilty to Count One of the indictment charging it with a violation of 18 U.S.C. § 371, that is, conspiracy to commit wire fraud (18 U.S.C. § 1343) and contraband cigarette trafficking (18 U.S.C. § 2341-2346). The defendant also agrees to the forfeiture allegation in the indictment, represented by a money

judgment in the amount of $221,550. The indictment setting forth the charge is incorporated herein by reference. By entering into this plea agreement, the defendant admits that it committed this offense, and is in fact guilty of this offense.

The parties are in agreement that a sentence of 24 months' probation, a fine of $243,400, a payment of a $400 special assessment, a money judgment in the amount of $221,550 and restitution as ordered by the Court is an appropriate sentence in this case. The failure of the Court to approve this plea agreement will entitle either party to withdraw from this agreement and proceed to trial.

    3.    **<u>Factual Basis for Guilty Plea</u>.** The parties agree that the facts constituting the offense to which the defendant is pleading guilty are as follows:

> The facts and overt acts included in the indictment are incorporated into this plea agreement and paragraph 3 by reference. AJ's Candy & Tobacco, LLC, admits that between on or about June 2010 and on or about January 26, 2012, it entered into an agreement or reached an understanding to commit a crime, namely wire fraud and contraband cigarette trafficking, with one or more people. It committed overt acts in furtherance of the conspiracy by ordering contraband cigarettes, using wire communications, from other coconspirators, and causing those cigarettes to be transported into New York State, knowing that the New York State excise tax of $4.35 per pack would not be paid, as required by state and federal law. Moreover, other coconspirators committed overt acts in the Western District of Missouri and elsewhere in order to fulfill and deliver these contraband cigarette orders to retailers, including AJ's, in New York State. This conspiracy existed in the Western District of Missouri and elsewhere, and venue is appropriate in the Western District of Missouri. As a result of this conspiracy, during the timeframe included in the information, the parties agree that AJ's foreseeable amount of total excise tax loss to the state of New York is approximately $535,050.

    4.    **<u>Use of Factual Admissions</u>.** The defendant acknowledges, understands and agrees that the admissions contained in Paragraph 3 and other portions of this plea agreement will be used for the purpose of determining its guilt and advisory sentencing range under the United States Sentencing Guidelines ("U.S.S.G."), including the calculation of the defendant's

offense level in accordance with U.S.S.G. § 1B1.3(a)(2). The defendant acknowledges and understands that other uncharged related criminal activity may be considered as "relevant conduct: pursuant to U.S.S.G. § 1B1.3(a)(2) or part of the "offense of conviction" pursuant to U.S.S.G. § 1B1.2, and may be used by the Court in calculating the offense level for the charge to which it is pleading guilty.

5. **Statutory Penalties.** Defendant understands that upon its plea of guilty to Count One of the indictment charging it with conspiracy to commit wire fraud and contraband cigarette trafficking, the maximum penalties the Court may impose is not more than five years of probation; a fine of not more than $500,000 or, alternatively, a fine of not more than the greater of twice the gross pecuniary gain or twice the gross pecuniary loss; an order of restitution; and a $400 mandatory special assessment per felony count of conviction which must be paid in full at the time of sentencing. The defendant further understands that this offense is a Class D felony.

The parties agree and hereby stipulate, however, that pursuant to this agreement, and upon acceptance of such agreement by the Court, in return for the defendant's plea of guilty to Count One of the indictment, the defendant shall be sentenced to 24 months' probation, to pay a fine of $243,400, to pay a $400 mandatory special assessment, to pay a money judgment in the amount of $221,550, and to pay restitution as determined by the Court.

6. **Sentencing Procedures.** The defendant acknowledges, understands and agrees to the following:

>    a. in determining the appropriate sentence, the court will consult and consider the United States Sentencing Guidelines promulgated by the United States Sentencing Commission. While these Guidelines are advisory in nature, and the court ordinarily would have the discretion to impose a sentence either less than or greater than the court-determined advisory Guidelines range, in this instance the parties agree, pursuant to Rule 11(c)(1)(C), that the Court must impose sentence as follows: 24 months' probation, a $243,400, a money judgment

in the amount of $221,550, a $400 mandatory special assessment to be paid at sentencing and restitution, if the Court determines restitution is appropriate. The parties agree that restitution to the state of New York in the amount of $535,050 is appropriate. If the court accepts this plea agreement, it must inform the defendant that sentence will be imposed in accordance with this agreement of the parties. If the court rejects this plea agreement, it must, on the record and in open court, inform the parties that the court rejects the plea agreement, advise the defendant personally that because the court is rejecting the plea agreement the court is not required to impose sentence in accordance with the agreement of the parties, give the defendant an opportunity to withdraw defendant's guilty plea, and further advise the defendant that if the plea is not withdrawn, the court may dispose of the case less favorably toward the defendant than the plea agreement contemplated;

    b. The Court will determine the defendant's applicable Sentencing Guidelines range at the time of sentencing.

    c. The Court may order restitution to be paid to victims of the offense to which it is pleading guilty. The parties agree that restitution to the state of New York in the amount of $535,050 is appropriate.

**7. Government's Agreements.** Based upon evidence in its possession at this time, the United States Attorney's Office for the Western District of Missouri, as part of this plea agreement, agrees not to bring any additional charges against defendant for any federal criminal offenses related to Count One of the indictment, that is, conspiracy to commit wire fraud and contraband cigarette trafficking, for which it has venue and which arose out of the defendant's conduct described above. The United States also agrees to dismiss Counts 31, 39, 40 and 41 at sentencing. The United States Attorney's Office for the Western District of Missouri further agrees not to bring any charges against Aaron Pierce for any federal criminal offenses related to Count One of the indictment.

The defendant understands that this plea agreement does not foreclose any prosecution for an act of murder or attempted murder, an act or attempted act of physical or sexual violence against the person of another, or a conspiracy to commit any such acts of violence or any

criminal activity of which the United States Attorney for the Western District of Missouri has no knowledge.

The defendant recognizes that the United States' agreement to forego prosecution of all of the criminal offenses with which the defendant might be charged is based solely on the promises made by the defendant in this agreement. If the defendant breaches this plea agreement, the United States retains the right to proceed with the original charges and any other criminal violations established by the evidence. The defendant and the undersigned representative, Aaron Pierce, expressly waive the right to challenge the initiation of dismissed or additional charges against either of them if the defendant breaches this agreement. The defendant and the undersigned representative, Aaron Pierce, expressly waives the right to assert a statute of limitations defense if dismissed or additional charges are initiated against either of them following a breach of this agreement. The defendant further understands and agrees that if the Government elects to file additional charges against it following its breach of this plea agreement, it will not be allowed to withdraw its guilty plea.

8. **Cooperation.** Defendant and its undersigned representative agree to cooperate fully and truthfully with law enforcement agents investigating criminal activity in the Western District of Missouri and elsewhere for either the term of probation, or until the final disposition of this case (13-00291-01/18-CR-W-BCW), whichever is greater. That cooperation includes providing full, complete, and honest statements regarding their knowledge of such activity; actively cooperating in corroborating the information they provide; and testifying fully and truthfully if called as a witness before any Grand Jury, any trial, or any other related proceeding. The cooperation includes being interviewed by any government agent, expert for the government,

or prosecutor for the United States. In particular, the defendant and its undersigned representative agree, for either the term of probation or until final disposition of this case, whichever is greater:

- a. to provide truthful, complete, and accurate information and testimony in the trial of this matter or in any related hearing;

- b. to provide all information concerning their knowledge of, and participation in, the offenses charged in the information, and any other crimes about which they have knowledge;

- d. they will not falsely implicate any person or entity and will not protect any person or entity through false or misleading information or omission and that all information they provide will be truthful, complete, and accurate;

- e. to testify as a witness before any grand jury, hearing, or trial when requested to do so by the United States;

- f. to hold themselves reasonably available for any interviews the United States may require. Although defendant generally agrees to meetings, debriefings or pretrial preparation sessions with the government and its representatives without the presence of counsel, defendant retains his right to consult with counsel and seek the presence of counsel at such meetings if desired. The parties agree that no prior consultation with defendant's attorney shall be necessary to conduct these meetings, debriefings or interviews, unless defendant's attorney specifically requests such notice. Defendant retains his right to communicate with his counsel about such meetings;

- g. to provide the United States with all documents or other items under its control which may pertain to any criminal violation;

- h. to cooperate with any local, state, and federal law enforcement agency as requested by counsel for the United States; and

- i. to continue its cooperation after the time the defendant is sentenced until final disposition of this case (13-00291-01/18-CR-W-BCW) if requested to do so by the United States. Failure to continue to cooperate after sentence is imposed until final disposition of this case constitutes a basis to void this agreement by the United States and will allow the Government to pursue any remedy for defendant's breach including, by way of illustration and not by way of limitation, re-instituting charges that are dismissed pursuant to this agreement.

If, in the good faith estimation of the United States, the undersigned representative's information or testimony proves to be untruthful or incomplete in any way, regardless of whether the untruthfulness helps or hurts the United States' case, defendant will have breached this Plea Agreement. In the event defendant breaches the Plea Agreement, the United States will no longer be bound by, and may withdraw from, the Plea Agreement and take defendant to trial on any charges of which the United States is aware. Defendant agrees that if the United States in good faith determines that it has not provided full and truthful cooperation, or has committed any local, state, or federal crime between the date of this Plea Agreement and its sentencing, or has otherwise violated any other provision of this Plea Agreement, the United States will be relieved of its obligations under this Plea Agreement, the defendant's previously entered plea of guilty shall remain in effect and cannot be withdrawn, and the defendant shall be subject to prosecution for any federal crime of which the United States has knowledge including, but not limited to, perjury, obstruction of justice, and any substantive offenses arising from this investigation. Such prosecution may be based upon any information provided by the defendant during the course of its cooperation, or upon leads derived therefrom, and this information may be used as evidence against it. Further, if the defendant breaches this Plea Agreement, any prosecution which is not barred by the applicable statute of limitations on the date of the signing of this Plea Agreement may be commenced against the defendant in accordance with this Plea Agreement, notwithstanding the expiration of the statute of limitations between the time of signing this agreement and the commencement of the prosecution. It is the specific intent of this Plea Agreement to waive any and all defenses based upon the statute of limitations with respect to any prosecution which is not barred by the statute of

limitations on the date this Plea Agreement is signed by the defendant, if the defendant breaches the Plea Agreement. However, assuming the defendant follows the terms of this Plea Agreement and successfully completes the term of probation, the statute of limitations would not be tolled.

9. **Cooperation Stipulations.** In exchange for the defendant's agreement to cooperate with the United States, the United States agrees not to use new information that the defendant might provide about defendant's own criminal conduct except as specifically authorized by U.S.S.G. §1B1.8. As such, this information may be revealed to the Court but may not be used against the defendant in determining the defendant's applicable Guidelines range or departing above the Guidelines range. Defendant understands and agrees, however, that under U.S.S.G. §1B1.8, there shall be no such restrictions on the use of such information: (1) if it was previously known to the United States; (2) if it was revealed to the United States by, or discoverable through, an independent source; (3) in a prosecution of defendant for perjury or giving a false statement; or (4) in the event there is a breach of this agreement.

10. **Defendant's Agreements.** As part of this plea agreement, the defendant consents and agrees to imposition of a fine in the amount of $243,400. The defendant agrees to pay said fines in full within 12 months of imposition of sentence and agrees that the Court can require payment of the fine within said time frame as part of the sentence imposed in this case. The defendant also consents and agrees to be placed on probation for 24 months, to pay a $400 special assessment, to pay a money judgment of $221,550 and to pay restitution as ordered by the Court.

Further, AJ's agrees to refrain—for a period of 24 months beginning from July 1, 2014—from engaging in the business of buying and selling any cigarettes (including premium

brands and native brands), wholesale or otherwise, except for those cigarettes specifically manufactured by AJ's or another entity owned by Aaron Pierce, including the Wanaka brand. This prohibition remains in effect for the entire 24 month time period, regardless of whether the defendant is otherwise on probation. The defendant understands that, should it still otherwise be on probation at the expiration of this prohibition period, if it decides to resume selling unstamped cigarettes, those sales may constitute violations of state or federal law, and, if so, be in breach of the Plea Agreement.

11. **Preparation of Presentence Report.** The defendant understands the United States will provide to the Court and the United States Probation Office a government version of the offense conduct. This may include information concerning the background, character, and conduct of the defendant, including the entirety of its criminal activities. The defendant understands these disclosures are not limited to the count to which it has pleaded guilty. The United States may respond to comments made or positions taken by the defendant or the defendant's counsel and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject only to the limitations set forth in this plea agreement. The United States and the defendant expressly reserve the right to speak to the Court at the time of sentencing pursuant to Rule 32(i)(4) of the Federal Rules of Criminal Procedure.

12. **Withdrawal of Plea.** Either party reserves the right to withdraw from this plea agreement for any or no reason at any time prior to the entry of the defendant's plea of guilty and its formal acceptance by the Court. In the event of such withdrawal, the parties will be restored to their pre-plea agreement positions to the fullest extent possible. However, after the plea has been formally accepted by the Court, the defendant may withdraw its plea of guilty only if the

Court rejects the plea agreement or if the defendant can show a fair and just reason for requesting the withdrawal.

13. **<u>Government's Reservation of Rights</u>.**  The defendant understands that the United States expressly reserves the right in this case to:

    a. oppose or take issue with any position advanced by defendant at the sentencing hearing which might be inconsistent with the provisions of this plea agreement;

    b. comment on the evidence supporting the charges in the indictment;.

    c. oppose any arguments and requests for relief the defendant might advance on an appeal from the sentences imposed; and

    d. oppose any post-conviction motions for reduction of sentence, or other relief.

14. **<u>Waiver of Constitutional Rights</u>.**  The defendant, by pleading guilty, acknowledges that it has been advised of, understands, and knowingly and voluntarily waives the following rights:

    a. the right to plead not guilty and to persist in a plea of not guilty;

    b. the right to be presumed innocent until guilt has been established beyond a reasonable doubt at trial;

    c. the right to a jury trial, and at that trial, the right to the effective assistance of counsel;

    d. the right to confront and cross-examine the witnesses who testify against it;

    e. the right to compel or subpoena witnesses to appear on its behalf; and

    f. the right to remain silent at trial, in which case their silence may not be used against it.

The defendant understands that by pleading guilty, it waives or gives up those rights and that there will be no trial. The defendant further understands that if it pleads guilty, the Court

may ask its representative questions about the offense to which it pleaded guilty, and if the defendant answers those questions under oath and in the presence of counsel, its answers may later be used against it in a prosecution for perjury or making a false statement.

**15. <u>Waiver of Appellate and Post-Conviction Rights</u>.**

    a. The defendant acknowledges, understands and agrees that by pleading guilty pursuant to this plea agreement it waives its right to appeal or collaterally attack a finding of guilt following the acceptance of this plea agreement, except on grounds of (1) ineffective assistance of counsel; or (2) prosecutorial misconduct.

    b. The defendant expressly waives its right to appeal its sentence, directly or collaterally, on any ground except claims of (1) ineffective assistance of counsel; (2) prosecutorial misconduct; or (3) an illegal sentence. An "illegal sentence" includes a sentence imposed in excess of the statutory maximum, but does not include less serious sentencing errors, such as a misapplication of the Sentencing Guidelines, an abuse of discretion, or the imposition of an unreasonable sentence. However, if the United States exercises its right to appeal the sentence imposed as authorized by 18 U.S.C. § 3742(b), the defendant is released from this waiver and may, as part of the Government's appeal, cross-appeal its sentence as authorized by 18 U.S.C. § 3742(a) with respect to any issues that have not been stipulated to or agreed upon in this agreement.

**16. <u>Financial Obligations</u>.**

By entering into this plea agreement, the defendant represents that it understands and agrees to the following financial obligations:

    a. The Court must order restitution to the victims of the offense to which the defendant is pleading guilty. The defendant agrees that the Court may order restitution in connection with all other uncharged related criminal activity. The parties agree that restitution to the state of New York in the amount of $535,050 is appropriate.

    b. The United States may use the Federal Debt Collection Procedures Act and any other remedies provided by law to enforce any restitution order that may be entered as part of the sentence in this case and to collect any fine.

    c. The defendant will fully and truthfully disclose all assets and property in which it has any interest, or over which the defendant exercises control directly or indirectly, including assets and property held by a spouse, nominee or other third party.

The defendant's disclosure obligations are ongoing, and are in force from the execution of this agreement until the defendant has satisfied the restitution order in full.

      d.   Within 10 days of the execution of this plea agreement, at the request of the USAO, the defendant agrees to execute and submit   (1) a Tax Information Authorization form; (2) an Authorization to Release Information; (3) a completed financial disclosure statement; and (4) copies of financial information that the defendant submits to the U.S. Probation Office.  The defendant understands that compliance with these requests will be taken into account when the United States makes a recommendation to the Court regarding the defendant's acceptance of responsibility.

      e.   The defendant understands that a Special Assessment will be imposed as part of the sentence in this case.  The defendant promises to pay the Special Assessment of $400 by submitting a satisfactory form of payment to the Clerk of the Court prior to appearing for the sentencing proceeding in this case.  The defendant agrees to provide the Clerk's receipt as evidence of its fulfillment of this obligation at the time of sentencing.

      f.   The defendant certifies that it has made no transfer of assets or property for the purpose of (1) evading financial obligations created by this Agreement; (2) evading obligations that may be imposed by the Court; nor (3) hindering efforts of the USAO to enforce such financial obligations.  Moreover, the defendant promises that it will make no such transfers in the future.

      g.   In the event the United States learns of any misrepresentation in the financial disclosure statement, or of any asset in which the defendant had an interest at the time of this plea agreement that is not disclosed in the financial disclosure statement, and in the event such misrepresentation or nondisclosure changes the estimated net worth of the defendant by ten thousand dollars ($10,000.00) or more, the United States may at its option: (1) choose to be relieved of its obligations under this plea agreement; or (2) let the plea agreement stand, collect the full forfeiture, restitution, and fines imposed by any criminal or civil judgment, and also collect 100% (one hundred percent) of the value of any previously undisclosed assets.   The defendant agrees not to contest any collection of such assets.  In the event the United States opts to be relieved of its obligations under this plea agreement, the defendant's previously entered pleas of guilty shall remain in effect and cannot be withdrawn.

17.   **<u>Waiver of FOIA Request</u>.**  The defendant waives all of its rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case including,

without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

18. **Waiver of Claim for Attorney's Fees.** The defendant waives all of its claims under the Hyde Amendment, 18 U.S.C. § 3006A, for attorney's fees and other litigation expenses arising out of the investigation or prosecution of this matter.

19. **Defendant's Breach of Plea Agreement.** If the defendant commits any crimes, violate any conditions of release, or violates any term of this plea agreement between the signing of this plea agreement and the date of sentencing, or fails to appear for sentencing, or if a defendant provides information to the Probation Office or the Court that is intentionally misleading, incomplete, or untruthful, or otherwise breaches this plea agreement, the United States will be released from its obligations under this agreement. The defendant, however, will remain bound by the terms of the agreement, and will not be allowed to withdraw its plea of guilty.

The defendant also understands and agrees that in the event it violates this plea agreement, all statements made by its representatives to law enforcement agents subsequent to the execution of this plea agreement, any testimony given by its representatives before a grand jury or any tribunal or any leads from such statements or testimony shall be admissible against it in any and all criminal proceedings. The defendant waives any rights that it might assert under the United States Constitution, any statute, Rule 11(f) of the Federal Rules of Criminal Procedure, Rule 410 of the Federal Rules of Evidence, or any other federal rule that pertains to the admissibility of any statements made by its representatives subsequent to this plea agreement.

Additionally, the defendant understands and agrees that in the event it violates this plea agreement, the United States may choose to reinstate previously dismissed charges, as well as

bring any other charges, while the defendant remains bound to the terms of this agreement. The defendant understands and agrees that, in the event of its breach of this agreement, any factual stipulations contained in this agreement may be admitted as evidence in the government's case-in-chief at any judicial proceeding.

20. **Defendant's Representations.** The defendant acknowledges that it has entered into this plea agreement freely and voluntarily after receiving the effective assistance, advice and approval of counsel. The defendant acknowledges that it is satisfied with the assistance of counsel, and that counsel has fully advised them of its rights and obligations in connection with this plea agreement. The defendant further acknowledges that no threats or promises, other than the promises contained in this plea agreement, have been made by the United States, the Court, its attorneys or any other party to induce it to enter a plea of guilty.

21. **No Undisclosed Terms.** The United States and defendant acknowledge and agree that the above-stated terms and conditions constitute the entire plea agreement between the parties, and that any other terms and conditions not expressly set forth in this agreement do not constitute any part of the parties' agreement and will not be enforceable against either party.

22. **Standard of Interpretation.**  The parties agree that, unless the constitutional implications inherent in plea agreements require otherwise, this plea agreement should be interpreted according to general contract principles and the words employed are to be given their normal and ordinary meanings.  The parties further agree that, in interpreting this agreement, any drafting errors or ambiguities are not to be automatically construed against either party, whether or not that party was involved in drafting or modifying this agreement.

                                              Tammy Dickinson
                                              United States Attorney


Dated: 2-6-2014                          */s/ Paul S. Becker*
                                              Paul S. Becker
                                              Assistant United States Attorney


                                              */s/ Justin G. Davids*
                                              Justin G. Davids
                                              Assistant United States Attorney

I have consulted with my attorneys and fully understand all my rights and those of my corporation with respect to the offenses charged in the Indictment. Further, I have consulted with my attorneys and fully understand my rights and those of my corporation with respect to the provisions of the Sentencing Guidelines. I have read this Plea Agreement and carefully reviewed every part of it with my attorneys. I understand this Plea Agreement and I voluntarily agree to it on behalf of myself and my corporation.


Dated: 2-6-2014  /s/ Aaron Pierce
AJ's Candy & Tobacco, LLC
Defendant
By Aaron Pierce, President


We are defendant AJ's Candy & Tobacco, LLC's attorneys. We have fully explained to it its rights with respect to the offenses charged in the Indictment. Further, we have reviewed with it the provisions of the Sentencing Guidelines which might apply in this case. We have carefully reviewed every part of this plea agreement with it. To our knowledge, AJ's Candy & Tobacco, LLC's decision to enter into this plea agreement is an informed and voluntary one.


Dated: 2-6-2014  /s/ Todd Graves
Todd Graves
Attorney for Defendant


/s/ Kathleen Fisher
Kathleen Fisher
Attorney for Defendant